UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY SCHOLL, | ) |
| | ) |
| Plaintiff, | ) Case No. 12-cv-01806 |
| v. | ) |
| | ) Judge John W. Darrah |
| CHICAGO REGIONAL COUNCIL OF | ) |
| CARPENTERS, an unincorporated association, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Jeremy Scholl, proceeding *pro* se, has filed a Second Amended Complaint against Defendant Chicago Regional Council of Carpenters ("the Union"), asserting six claims against the Union. The Union has filed a Motion to Strike and Dismiss Scholl's Second Amended Complaint. For the reasons stated below, the Union's Motion is granted.

## **BACKGROUND**

On February 6, 2013, this Court dismissed Scholl's First Amended Complaint (the "FAC") without prejudice and granted Scholl leave to file a second amended complaint in accordance with the requirements of Federal Rules of Civil Procedure 8, 10, and 11.[1] (Dkt. No. 117.) On March 11, 2013, Scholl filed his Second Amended Complaint (the "SAC"), with five supplemental documents attached.[2] (Dkt. No. 123.)

---

[1] In the same opinion, this Court denied Scholl's Motion to Dismiss the Union's Counterclaim against Scholl for collection of the fine the Union "Delegate Body" imposed against Scholl. On March 7, 2013, the Union voluntarily withdrew its Counterclaim.

[2] Scholl filed motions to add Daniel L. Langreder and Rich Morrow as plaintiffs, but neither party has appeared in person or by formal appearance. For that reason, there is no *in personam* jurisdiction over either Langreder or Morrow, and Scholl has no standing to raise their claims. *G&S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012) ("plaintiffs must assert their own legal rights and interests, and cannot rest their claims to relief on the legal rights or interests of third parties.").

The SAC purports to assert six claims against the Union that appear to center on Scholl's dispute with a Union business representative named Cory Zimmerly. The Union argues that the SAC should be dismissed with prejudice for failure to state a claim. Scholl has failed to respond to the Union's Motion. Instead, Scholl has filed numerous documents purporting to be a "Response," but none of those documents addresses the arguments raised by the Union. (*See, e.g.,* Dkt. Nos. 132, 134, 136, 139, 140.) Furthermore, in direct violation of the Court's Orders, Scholl has repeatedly filed numerous extraneous motions and sent various letters and documents to this Court.[3] (*See, e.g.,* Dkt. Nos. 127, 128, 129, 138 and 148 (motions) and Dkt. Nos. 145, 146 and 147 (correspondence from Scholl to Judge Darrah)). As he has done in the past, Scholl has repeatedly demonstrated his utter disregard of the Court's directive that the parties obtain leave of court prior to filing any documents and of the Court's warnings regarding violations of the Court's Order. (*See* Court's October 31, 2012 and November 14, 2012 Orders.)

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). The federal notice pleading

---

[3] Specifically, as noted in the Union's Reply Brief, Scholl has filed numerous documents without leave. (*See e.g.,* Motion to Strike Memorandum and Seeking Discipline Towards Attorneys Filing Motion (Dkt. No. 132); Letter to Richard Schmack (State's Attorney for DeKalb County) (Dkt. No. 133); Letter to Richard Schmack (Dkt. No. 134); Letter from the FBI to Scholl (Dkt. No. 135); A Questionnaire from Langreder (Dkt. No. 136); Statements for the Record by Langreder (which is a blank document) (Dkt. No. 136-1); Evidence of Service (Dkt. No. 137); Motion to Request Removal of Whitfield, McGann and Ketterman (Dkt. No. 138); Motion for Second Amended Complaint (Dkt. No. 139); Supporting Documents for Removal and Discipline (Dkt. No. 140); Letter to Langreder from Terrance B. McGann (Dkt. No. 140-1); Portion of Collective Bargaining Agreement (Dkt. No. 140-2); Motion for Second Amended Complaint (Dkt. No. 141); Motion to Add Permissive Joinder of Rick Marrow (Dkt. No. 141-1); Letter from Rick Marrow (Dkt. No. 141-2); Letter from the State's Attorney for DeKalb County (Dkt. No. 142); and Fed Ex Customer Receipt (Dkt. No. 143).) After the Union filed its reply brief, Scholl filed additional documents without leave. (*See, e.g.,* Dkt. Nos. 145, 146, 147, 148.)

standards do not demand a high level of specificity or sophistication; the complaint "need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations and citations omitted). Courts construe the complaint in the light most favorable to the plaintiff when considering a motion to dismiss, which means that all well-pleaded facts are accepted as true and all reasonable inferences are construed in favor of the plaintiff. *Id.* However, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," in order for the claim to be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In accordance with this principle, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The pleadings standards are more lax for *pro se* litigants. The pleadings of *pro se* litigants are to be liberally construed, which is a lower standard than that applied to formally trained attorneys. *Wilson v. Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988). Despite the deferential standard for *pro se* litigants, the pleadings still must comply with the procedural rules governing them, and the complaint still must be "otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

**ANALYSIS**

As with his FAC, Scholl's SAC is extremely difficult to decipher and understand.[4] The SAC purports to assert the following six claims: (1) violation of the National Labor Relations Act, 29 U.S.C. § 158 (the "NLRA"); (2) defamation of character *per se*; (3) intentional infliction of emotional distress; (4) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 (the "RICO Act"); (5) violation of Title VII of the Civil Rights Act of 1964; and (6) violation of "the Taft hartley act [*sic*] or amended NLRA, 29 U.S.C. § 141."[5] The SAC fails to state a plausible claim for relief on any of these claims.

*Violation of the NLRA*

Scholl's first claim alleges the Union violated the NLRA, 29 U.S.C. § 158. (SAC p.2.) In support, Scholl states several legal conclusions but provides very few factual assertions. Applying a liberal standard to his allegations, Scholl's factual assertions appear to boil down to: (1) the Union acted in bad faith with respect to the "process of discipline" because the "union's action resulted in suspension . . . after scholl [sic] notified the committee of his resignation"; and (2) the "union obstructed justice by insinuating and misleading the delivery of fine, (over 6 months after trial and only upon request.)." (*Id.*)

Scholl has not stated a claim in this count. He has not provided sufficient information to provide the Union with "fair notice of the claim and its basis." *Tamayo*, 526 F.3d at 1081. After citing to the NLRA, and without identifying in this count which subsection of the NLRA he

---

[4] Scholl attached as an exhibit to his SAC a document entitled "Memorandum of Law" that purports to further explain his claims, but it is similarly unhelpful. (*See* SAC, Exh. 1.)

[5] Scholl has dropped from his SAC some of the claims that were deemed insufficiently pled in the first opinion dismissing Scholl's Amended Complaint. (Dkt. No. 117.)

bases his claim, Scholl only gives legal conclusions that the Union has violated the statute.[6] Despite Scholl being held to a lower standard due to his *pro se* status, he has not alleged enough facts to state a facially plausible claim for violation of the NLRA. *See Twombly*, 550 U.S. at 570. Therefore, Scholl's violation of the NLRA claim is dismissed.

*Defamation of Character Per Se*

Scholl next claims the Union has committed defamation *per se* against him. (SAC pp. 2-3.) His allegations center around Zimmerly, including that Zimmerly called Scholl "a Rat while taking a photograph," that Zimmerly made "undisputable Verbal [sic] statements to members of local [sic] 790 of which [sic] had no authority or capacity," and that Zimmerly "sought statements from previous employers encouraging negative comments and statements". (*Id.* p. 3.)

---

[6] Scholl alleges that Union imposed a fine more than four months after his hearing and that this constitutes a violation of 29 U.S.C. § 411. Scholl's allegation is unfounded, and he misunderstands 29 U.S.C. § 411. 29 U.S.C. § 411 prohibits the Union from limiting a member's right to sue, except that a member may be required to exhaust reasonable Union hearing procedures not to exceed four months. 29 U.S.C. § 411(a)(4). The Union's alleged late imposition of a fine to Scholl does fall within the statute's protection and does not impede Scholl's right to sue.

For the same reasons discussed in the Court's February 6, 2013 Order, dismissing Scholl's FAC, Scholl has failed to state a claim for defamation *per se*.[7] As with his FAC, Scholl has failed to allege Zimmerly was acting within the scope of his Union employment, as required for the Union to be vicariously liable for Zimmerly's actions. *Su Heon Kim v. Eiu Soeb Kim*, 360 F. Supp. 2d 897, 901 (N.D. Ill. 2005). Furthermore, Scholl has not sufficiently alleged facts to meet the elements of a defamation claim. *See Brennan v. Kadner*, 814 N.E.2d 951, 956-57 (Ill. App. Ct. 2004). Calling someone a "rat" is not defamatory; furthermore, Scholl still has not made any connection between the alleged actions of Zimmerly and any "prejudice . . . in [his] trade, profession, or business." *Muzikowski*, 322 F.3d at 924. Moreover, there is no allegation that the statement that Scholl was a "rat" was made to anyone other than Scholl; therefore, there is no allegation of publication of that statement. For these reasons, the defamation *per se* claim is dismissed.

*Intentional Infliction of Emotional Distress*

Scholl next alleges the Union is liable for intentional infliction of emotional distress ("IIED") based on several incidents: the Union did not allow Scholl to record a pre-committee

---

[7] As stated in the February 6, 2013 opinion, to state a claim for defamation under Illinois law, a plaintiff must allege that: "(1) the defendant made a false statement concerning the plaintiff; (2) there was an unprivileged publication of the defamatory statement to a third party by defendant; and (3) publication of the defamatory statement damaged the plaintiff." *Brennan*, 814 N.E.2d at 956-57 (citations omitted). Further, "[a] statement is defamatory *per se* if the words used are so obviously and materially harmful to the plaintiff that injury to the plaintiff's reputation may be presumed." *Id*. at 957. Illinois recognizes five categories of statements that constitute defamation *per se*: "(1) commission of a criminal offense; (2) infection with a venereal disease; (3) inability to perform or want of integrity in the discharge of duties of public office; (4) fornication or adultery; or (5) words that prejudice a party in her trade, profession, or business." *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003) (citing Illinois law).

meeting and threw him out of the meeting; the Union falsely accused Scholl of soliciting and punished him for this offense; an official in the Union (presumed to be Zimmerly) allegedly witnessed Scholl's violating the Union's rules; the Union set "a trial date without proper notification lead time and without a preponderance of evidence for both parties"; the Union sold union cards to persons completing the apprenticeship program; and all of the allegations previously made for defamation *per se*. (SAC pp. 2-3.)

The required elements of an IIED claim are: "(1) that the defendant's conduct was extreme and outrageous; (2) that the plaintiff suffered severe emotional distress as a result; and (3) that the defendant knew or should have known that such distress was substantially certain to occur from the conduct." *Curcio v. Chinn Enters.*, 887 F. Supp. 190, 194 (N.D. Ill. 1995) (citing *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)). Scholl has neither alleged that he suffered the required severe emotional distress as a result of the actions alleged, or that the Union "knew or should have known that such distress was substantially certain to occur." *Id.* For these reasons, Scholl's claim for IIED is dismissed.

*Violation of the RICO Act*

Scholl next claims the Union is guilty of violating the RICO Act, 18 U.S.C. §§ 1961-68. The RICO Act provides, "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue. . . ." 18 U.S.C. § 1964. Section 1962 contains three substantive subsections, each of which share two things in common: requisite existence of an "enterprise" and a "pattern of racketeering." 18 U.S.C. § 1962. A "pattern of racketeering" requires, within a ten-year span, two predicate actions as enumerated in 28 U.S.C. § 1961(1). 28 U.S.C. § 1961(5); *DeGuelle v. Camilli*, 664 F.3d 192, 199 (7th Cir. 2011) (explaining the RICO Act's requirements). Furthermore, in a civil RICO action, a plaintiff must allege, with

7

some specificity, the damages that occurred to either his "business or property." 18 U.S.C. § 1964; *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 266 n.11 (1992); *Evans v. City of Chicago*, 434 F.3d 916, 924-25 (7th Cir. 2006) ("In order for [a plaintiff] to secure standing to sue under RICO, he must first present the court with evidence that he incurred an injury to his 'business or property' within the meaning of § 1964.").

Scholl has failed to state a claim under RICO. He has not sufficiently alleged two predicate actions to qualify as a "pattern of racketeering." 18 U.S.C. § 1961. Although the SAC mentions mail fraud, Scholl fails to plead fraud with the requisite specificity. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-41 (7th Cir. 2011) (explaining that fraud claims require a certain amount of specificity). Scholl also has not sufficiently established standing to bring a RICO claim because he has not alleged damages under the RICO Act. For these reasons, the SAC's claim for violation of the RICO Act is dismissed.

*Violation of the Civil Rights Act of 1964*

Scholl next alleges the Union violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), by retaliating against him and for age discrimination. Scholl has failed to allege that he submitted a charge with the EEOC within 180 days of the alleged unlawful employment practice to exhaust his administrative remedies, as is required in order to pursue a Title VII discrimination or retaliation claim. *See* 42 U.S.C. § 2000e-5(e). For this reason alone, Scholl fails to state a claim under Title VII.

Furthermore, even if he had exhausted his administrative remedies, Scholl's claim for age discrimination would fail on the merits because he has not made *any* allegations in support of that claim. Likewise, as was the case with his FAC, Scholl's claim for retaliation fails on its

8

merits because he has not alleged the required causal connection between a protected activity and a materially adverse employment action or that a similarly situated employee was treated more favorably than him. *See Harper v. C.R. England, Inc.*, 687 F.3d 297, 307 (7th Cir. 2012). [8] The SAC's Title VII claim is dismissed.

*Violation of the Taft-Hartley Act*

Scholl's final claim is the Union violated the Taft-Hartley Act. As with his FAC, Scholl cites to 29 U.S.C. § 411 and alleges that the Union administered an unfair trial. (*Id.*) Scholl recites similar allegations as those found in his FAC: (1) one of the trial board members is the brother of the business representative to the Local Union to which Scholl transferred, (2) Scholl was not given adequate time to "complete a detailed inspection or acquire all evidence for inspection let alone contact witness[es]," and (3) Zimmerly arrived in the same car to the hearing as two of the trial board members. (SAC pp 5-6.)

Scholl's SAC fails on this claim for the same reason his FAC was dismissed; Scholl has made no effort to identify which section of the Taft-Hartley Act he intends to invoke or how he is entitled to relief under the Taft-Hartley Act. *See Tamayo*, 526 F.3d at 1081 (complaint must provide a short and plain statement "sufficient to provide the defendant with 'fair notice' of the claim and its basis"). For these reasons, the SAC's claim for a Taft-Hartley Act violation is dismissed.

---

[8] Scholl has provided no information indicating his actions were protected under Title VII. Scholl implies his actions were opposing an unlawful employment practice, as this is his citation to Title VII; but he provides no information to establish the Union was engaged in an unlawful employment practice. He alleges the retaliation was in response to his asking questions about the Union's relationship with Cedar Creek carpentry, but there is no indication the Union was engaged in an unlawful employment practice when it interacted with Cedar Creek carpentry.

*Union's Motion to Strike*

The Union's Motion also asks that Scholl's Second Amended Complaint be stricken. (Dkt. No. 129.) That request is denied, as it was in the previous decision by this Court regarding Scholl's FAC, for the same reasons. (Dkt. No. 117.) Motions to strike are generally not favored, and "pleadings are generally not stricken unless the moving party will be prejudiced otherwise." *Burke v. Chicago Sch. Reform Bd. of Trustees*, 169 F. Supp. 2d 843, 846 (N.D. Ill. 2001). Once again, the Union will not be prejudiced, as all of Scholl's claims in his SAC are dismissed in their entirety; and, therefore, the Motion to Strike is denied.

## CONCLUSION

For the reasons set forth above, the Union's Motion to Dismiss the Second Amended Complaint [129] is granted pursuant to Rule 12(b)(6). Scholl's Second Amended Complaint is dismissed with prejudice; Scholl has been given leave to file a second complaint, and it is obvious that granting him leave to file a third amended complaint would be futile. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.") (internal citations omitted). Indeed, Scholl failed to properly respond to the Union's Motion and, instead, continued to file motions without permission and to send the Court correspondence, in direct violation of the Court's Order. Scholl's Motions [127, 128, 138, 148], which were improperly filed without leave of Court, are also denied. Civil case is terminated.

Date:  8/15/13                              _____
                                            JOHN W. DARRAH
                                            United States District Court Judge